A. LINCOLN MYERS

*v.*

JOHN L. KELLY et al.

[Submitted July 6th, 1914. Determined July 10th, 1914.]

1. Mere tortious taking and holding of complainant's real property will not alone afford a ground for injunctive relief, in the absence of threatened irreparable injury.

2. Where, in a suit to restrain defendants from destroying or interfering with the plaster surface of a brick wall wholly on complainant's property, there was no denial of complainant's title, it was no defence that defendants' acts with reference to the wall would not be injurious, but would rather be beneficial, and that they were able to respond in damages for injury that might arise from their proposed acts.

On bill for injunction. Hearing at return of order to show cause.

*Mr. James H. Hayes, Jr.,* for the complainant.

*Messrs. Bourgeois & Coulomb,* for the defendant Kelly.

*Mr. Ulysses G. Styron,* for the defendant William J. Adler.

LEAMING, V. C.

Complainant seeks a preliminary injunction to restrain defendants from destroying or interfering with the plaster surface of a brick wall, which wall is wholly on the property of complainant.

If the affidavits presented in behalf of defendants disclosed any substantial dispute touching the title of complainant to the wall in question, or any substantial claim of right on the part of any of the defendants to remove the plaster surface of the wall, or perform the other acts here complained of, this court might well hesitate to grant the relief sought in this suit until such controverted legal rights were determined by the proper courts of law. But the affidavits filed in behalf of defendants disclose no doubt touching complainant's title to the wall or any substantial claim of right upon the part of defendants to alter or in any way interfere with that wall. The utmost that is shown in behalf of defendants is that the changes which are being made by them to complainant's wall are not sources of injury to it, and that defendants are able to respond in damages if any damages arise from their proposed acts.

It is a well-established rule that the mere tortious taking and holding of a complainant's real property will not alone afford a ground for equity jurisdiction or justify preventive relief by a court of equity in the absence of threatened irreparable injury. *Ballantine* v. *Harrison, 37 N. J. Eq. 560.* But the present bill neither seeks the restoration of complainant's possession nor restraint against the possessory acts of defendants; it seeks to maintain the integrity of complainant's property through coercive restraint against its alteration or change by threatened wrongful acts of defendants. The relief so sought is peculiarly within the jurisdiction of this court and commands the exercise of its beneficial preventive writ in all cases in which complain-

ant's title is unchallenged or clear and defendant's threatened acts are unlawful. *Hart* v. *Leonard, 42 N. J. Eq. 416.*

It is obviously no defence to a claim for such relief to assert that the property of complainant which defendants are invading will not be damaged or even will be improved by the changes which they are wrongfully making; it is complainant's right to maintain his property in the condition which serves his lawful purposes. The attitude of defendants is that of strangers who assume to paint a building of another against the owner's wish and resist an appeal to a court of equity to preserve the building unchanged upon the mere claim that the paint will benefit the property.

I will advise a preliminary injunction restraining defendants from making changes to the surface of complainant's wall in any manner other than restoring such parts of the surface of the wall as they have removed to its former condition.